UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLO S. SMART,<br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION No. 10-1960 (JEI)<br><br>**OPINION** |

CARLO S. SMART, Petitioner *pro se*
Prisoner No. 40413-050
F.C.I. Fairton
P.O. Box 420
Fairton, New Jersey 08320

PAUL J. FISHMAN, UNITED STATES ATTORNEY
By: Leslie Faye Schwartz, Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
    Counsel for Respondent

**IRENAS**, Senior District Judge:

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and Petitioner's Motion for Summary Judgment on his § 2255 Motion due to the United States' failure to answer within the time period set by this Court. For the reasons set forth below, the Court will deny both Motions.[1]

---

[1] Petitioner moves to disqualify this Court from ruling on his § 2255 Motion due to bias resulting from this Court's ruling on a related post-sentencing motion. The fact that this Court has previously ruled against Defendant on legal grounds similar to those raised in his § 2255 Motion does not warrant disqualification. Petitioner has proffered no evidence that the Court has any prejudice or personal bias against him or that there is any appearance of impartiality. *See* 28 U.S.C. § 455(a)-(b). Accordingly, this Motion

1

**I.**

Petitioner has been sentenced several times for different offenses, in both state and federal court. Petitioner filed his § 2255 Motion for relief seeking to vacate his sentence of March 17, 2008, wherein this Court sentenced him to 27 months of imprisonment and 3 years of supervised release. This sentence stemmed from Petitioner's guilty plea made pursuant to a plea agreement to a one count information for transportation of stolen goods in interstate commerce. At Petitioner's request and with the government's consent, this Court ordered Petitioner to report to the Federal Bureau of Prisons on April 25, 2008.

On April 4, 2008, before surrendering to commence his federal sentence, Petitioner was taken into custody by the State of New Jersey on a parole violation, resulting from the federal offense. On October 29, 2008, Petitioner filed a motion for relief pursuant to 18 U.S.C. § 3621, requesting that this Court retroactively order that his 27 month federal sentence be served concurrently with the state sentence on his state parole violation. This Court denied Petitioner's request in an Order dated November 5, 2008.

On January 19, 2010, Petitioner completed his state sentence and was released to federal custody to begin serving his federal sentence. On April 19, 2010, Petitioner filed his motion for

---

will be denied.

relief pursuant to 28 U.S.C. § 2255 seeking to vacate his federal sentence. On April 29, 2010, this Court issued an Order directing the United States to answer Petitioner's Motion. On July 22, 2010, Petitioner filed his Motion for Summary Judgment based on the failure of the United States to answer within the time period set by this Court. On July 30, 2010, the United States answered Petitioner's Motion.

## II.

Section 2255 provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *see also* Rules Governing § 2255 Cases, Rule 1(a). Thus, Petitioner is entitled to relief only if he can establish that he is in custody in violation of federal law or the Constitution.

A district court is given discretion in determining whether to hold an evidentiary hearing on a § 2255 application. *See Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the court must first determine whether the petitioner's claims, if proven, would entitle him to

3

relief, and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 291 (3d Cir. 1991). Accordingly, a district court may summarily dismiss a § 2255 application without a hearing where the "motion, files, and records 'show conclusively that the movant is not entitled to relief.'" *U.S. v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (quoting *U.S. v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992)); *Forte*, 865 F.2d at 62.

### III.

#### A.

Petitioner seeks to vacate his federal sentence on the grounds that his counsel was constitutionally deficient by failing to provide him with "any certainty or guidance that the disposition of the federal sentence would be or possibly could be a concurrent or consecutive sentence."[2]

The United States opposes Petitioner's § 2255 Motion, arguing: (1) Petitioner failed to timely file his Motion; (2) Petitioner waived his right to collaterally attack his sentence in a plea agreement that was entered knowingly and voluntarily; and (3) Petitioner's ineffective assistance of counsel allegations do not meet either prong of the *Strickland v.*

---

[2] Petitioner was represented by Maggie Moy, A.F.P.D., during the plea stage, and Jeffrey Miller, Esq. at the sentencing hearing.

*Washington* test. See 466 U.S. 668 (1984).

The Court will first address the timeliness of Petitioner's § 2255 Motion before turning to the arguments regarding ineffective assistance of counsel and waiver.

**1.**

A petition for relief pursuant to § 2255 must be filed within a year from the latest of four dates:

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In this case, the basis of Petitioner's § 2255 Motion concerns whether his federal sentence would run consecutively or concurrently to his state sentence for parole violation. This decision was for the Bureau of Prisons ("BOP") to make at the time Petitioner was turned over to federal custody. 18 U.S.C. § 3621 provides that "[t]he Bureau of Prisons shall designate the place of the prisoners' confinement." In

addition, "[T]he Attorney General, through the Bureau of Prisons, possesses the sole authority to make credit determinations pursuant to 18 U.S.C. § 3585(b)." *United States v. Whaley*, 148 F.3d 205, 206 (2nd Cir. 1998). This decision is made "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992).

Petitioner would not have known until after January 19, 2010 when he was turned over to federal custody whether the BOP would designate the state facility as the place of confinement, thereby crediting him for his time served in state custody. Sometime after he was turned over to federal custody, the BOP decided not to credit Petitioner with time served in state custody. Therefore, the one year time period for Petitioner's Motion began to run sometime after January 19, 2010 when the BOP notified Petitioner of its decision not to credit him with time served in state custody. Therefore, his § 2255 Motion filed on April 19, 2010 is timely.

**2.**

Petitioner makes two arguments in support of his ineffective assistance of counsel claim.[3] Petitioner asserts

---

[3] Petitioner also argues that the government forfeited its jurisdiction when the state took him into custody before he commenced serving his federal term. The state's act of taking Petitioner into custody does not constitute this Court's forfeiture of jurisdiction over a sentence already imposed. Moreover, as a procedural matter, this does not appear to be a cognizable claim under § 2255.

that his counsel (1) failed to inform him that his federal sentence and the subsequently imposed state parole violation could run consecutively, and not concurrently as Petitioner believed and (2) failed to object to this Court's alleged violation of 18 U.S.C. § 3584(a) when it failed to specify whether the federal sentence would run concurrently or consecutively to any term of imprisonment subsequently imposed for the state parole violation.[4]

To sustain a claim of ineffective counsel, Petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and a presumption that counsel's actions "might be considered sound trial strategy." *Id.* at 689. Second, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

---

[4] It is unclear whether a district court has authority to order a sentence to run consecutively to a sentence that a state court has not yet imposed. See cases cited in *United States v. Randolph*, 80 Fed. Appx. 190, 193-94 (3d Cir. 2003), evidencing a split among circuits on the issue. Even if a district court has such authority, it is not required to exercise it. *See infra* note 5 (explaining that in this case this Court would not have even made a recommendation of concurrency to the BOP).

different." *Id.* at 694.

The Court finds no evidence that counsel's performance was deficient. Counsel argued for a sentence at the bottom of the guidelines range, presented mitigating character testimony, and reminded this Court several times of the pending state parole violation. In short, after reviewing the record, the Court finds no basis for holding that defense counsel's performance was objectively unreasonable.

Alternatively, even if the Court assumes *arguendo* that defense counsel's performance was objectively unreasonable, there is no reasonable probability that Petitioner's sentence would have been different. First, this Court specifically stated that it would not have recommended concurrency in this case.[5] Second, even if the state sentence was already imposed, this Court would not have made the federal sentence concurrent

---

[5] After receiving notice from the state that its sentence would not run concurrently to the federal sentence imposed by this Court, Smart filed a Motion asking this Court to designate, *nunc pro tunc,* that his federal sentence be served concurrently with the state sentence. This Court denied Petitioner's request and explained:
> [W]hile this Court does not deny that it may, under certain circumstances, make recommendations to the BOP, the Court would not do so in any event. Concurrency is inappropriate in this case. Smart is currently serving time for violating his parole on a drug offense committed in 1996. That sentence is completely unrelated to the transportation of stolen property offense committed over 10 years later.

*See* ¶ 13 of this Court's Order dated November 5, 2008.

to it.[6]

Petitioner has not shown that his counsel's representation was constitutionally unreasonable, and there is no reasonable probability that Petitioner's sentence would have been different. Accordingly, Petitioner's § 2255 Motion must be denied without an evidentiary hearing.

### 3.

Alternatively, Petitioner's claims fail because he expressly waived his right to pursue his habeas claim. In his plea agreement, Petitioner agreed to waive

> the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255 which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 12.[7]

The district court will enforce a waiver of the right to appeal and collaterally attack a sentence in a plea agreement when (1) the waiver was entered into knowingly and voluntarily,

---

[6] A parallel situation is where a defendant is on supervised release for a federal crime and commits another federal crime. In such a case, the Federal Sentencing Guidelines recommend that the sentences for the federal crime and for the violation of supervised release be served consecutively. *See* Federal Sentencing Guidelines Manual §7B1.3(f)("Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.").

[7] Petitioner was sentenced within the offense level 12 range.

and (2) enforcing the waiver will not work a miscarriage of justice.  *U.S. v. Mabry,* 536 F.3d 231, 237-38 (3d Cir. 2008), *cert. denied*, 129 S.Ct. 2789 (2009).  "In the plea agreement context, 'knowingly' waiving the right to appeal means that the waiving defendant must have knowledge of the *ramifications* of his or her decision, not knowledge of whether it will ultimately turn out to be a *smart* decision."  *United States v. Barralaga-Rodriquez*, 164 Fed. Appx. 270, 273 (3d Cir. 2006)(emphasis in original).

Petitioner argues that he "misguidedly waived his appellate rights as it was reasonably understood that [his] sentence would commence on April 25, 2008 and be given credit accordingly."  This argument seems to be another iteration of Petitioner's ineffective assistance of counsel claim.  Petitioner is not arguing that he did not understand the ramifications of waiving his right to appeal, but that he would not have waived his right to appeal if he knew of the possibility that his federal sentence would not commence on April 25, 2008 and that it would not be concurrent to his subsequently imposed state parole violation sentence.

The plea colloquy was comprehensive and in compliance with Fed. R. Crim. P. 11(b).  The Court finds that Petitioner's waiver was knowing and voluntary, and Petitioner has not proffered evidence otherwise.

10

With respect to the second prong of the waiver analysis, nothing in the record before the Court suggests that enforcing the waiver would work a miscarriage of justice.  As already discussed, Petitioner's claims lack merit.

Accordingly, Petitioner's § 2255 Motion is barred by the valid waiver contained in the plea agreement.  Petitioner's Motion will be denied without an evidentiary hearing.

### B.

When the United States failed to respond to Petitioner's § 2255 Motion, he filed another motion, which he labeled a "Motion for Summary Judgment."  In that Motion, Petitioner argued that he is entitled to summary judgment because the United States failed to respond to his § 2255 Motion in the time period set by this Court.  Based on this argument, the Motion may be more appropriately characterized as a Motion for Default Judgment.  However, regardless of whether the Motion is construed as a Motion for Summary Judgment or Default Judgment, the result is the same because Petitioner's § 2255 Motion lacks merit.

On a Motion for Summary Judgment, the moving party must demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  For the reasons discussed in subsection A.2 *supra*, Petitioner is not entitled to

judgment as a matter of law.

On a Motion for Default Judgment, a court must consider (1) whether the party subject to default has a meritorious defense, (2) the prejudice by the party seeking default, and (3) the culpability of the party subject to default.  *Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000)(citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).  Here, a default judgment is not proper as Petitioner has not established any prejudice, and the United States has a meritorious defense, as discussed in subsection A.2 *supra*.

Accordingly, Petitioner's "Motion for Summary Judgment" will be denied.

### IV.

For the reasons stated above, Petitioner's Motions pursuant to § 2255 and for summary judgment will be denied.  An appropriate Order accompanies this Opinion.

Dated: October 25, 2010

                                                s/Joseph E. Irenas
                                          **JOSEPH E. IRENAS, S.U.S.D.J.**